**NATIONAL LABOR RELATIONS
BOARD, Petitioner,**

v.

**FRANKLIN ART GLASS STUDIOS,
INC., Respondent.**

No. 80–1626.

United States Court of Appeals,
Sixth Circuit.

Argued March 3, 1982.
Decided March 29, 1982.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., Emil C. Farkas, Paul Spielberg, Cincinnati, Ohio, for petitioner.

Roger L. Sabo, Knepper, White, Arter & Hadden, Columbus, Ohio, for respondent.

Before KENNEDY and MARTIN, Circuit Judges, and MARKEY,* Chief Judge.

### ORDER

The Board seeks enforcement of its order against Franklin Art Glass Studios, Inc., reported at 250 N.L.R.B. No. 95. The Board found that Franklin had violated section 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*, by refusing to bargain with the Union, the United Glass and Ceramic Workers of North America, AFL–CIO–CLC. Franklin admits that it refused to bargain but complains that it is entitled to a hearing on certain challenged votes at the consent election. The Board found that no hearing was required as to three of the challenged ballots. With these and other challenged ballots included the Union received a majority of all votes cast.

We agree with the Board that no hearing was necessary regarding the three challenged ballots. Based upon the undisputed facts, the Board was entitled to conclude that the two laid-off employees casting these ballots and the one employee on sick leave due to a work-related injury had a reasonable expectation of being recalled.

Franklin also argues that the Union's failure to sign a settlement agreement to which it had orally agreed is so egregious

---

* The Honorable Howard T. Markey, Chief Judge, United States Court of Customs and Patent Appeals, sitting by designation.

that certification should be denied. The Union agreed to drop certain unfair labor practice charges if the company would drop its exceptions to the Director's report. However, before the Union assented in writing, the Board rejected Franklin's exceptions to the Director's report. The Union thereafter refused to sign or comply with the agreement. Pointing out that private settlements to which the Board is not a party are not binding on the Board, the Board found the settlement agreement to be immaterial. Since under the terms of the settlement agreement the certification would have remained valid and in effect, we agree that the settlement agreement is immaterial to the issues here.

Accordingly, it is ORDERED that the order of the Board be and hereby is enforced.